

U.S. Department of Justice

Channing D. Phillips
Acting United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C.  20530*

September 28, 2021

<u>VIA E-MAIL</u>
Scott C. Williams, Esq.
43 East 400 South
Salt Lake City, UT 84111

    Re:   *United States v. Michael Lee Hardin*
            Case No. 21-cr-280 (TJK)

Dear Counsel:

     As part of our ongoing discovery production in this case, we produced the following information on September 28, 2021:

1. 4,044 files (over one terabyte) consisting of U.S. Capitol Police ("USCP") Closed Circuit Video ("CCV") footage from 118 cameras has been shared to the defense instance of evidence.com.  The contents of footage being shared includes video from the interior of the U.S. Capitol Visitor Center and from the Capitol grounds.  These files are designated Sensitive under the protective order. Additional footage will be provided on a rolling basis, as we ingest it into our own instance of evidence.com.

2. Twenty files that are exhibits to previously produced USCP OPR reports, and a corresponding index, have been shared via USAfx and you should have received a notification via email.  Any applicable sensitivity designations are reflected in the index.  Additional exhibits will be provided on a rolling basis as we continue to ingest and quality-check them.

3. Forty-two files that consist of MPD internal investigation reports and exhibits, and a corresponding index, have been shared via a second, separate USAfx production, and you should have received a notification via email.  These reports and exhibits are unredacted and thus designated Highly Sensitive under the protective order.

The Federal Public Defender for the District of Columbia ("FPD") has agreed to serve as the Discovery Liaison for defense counsel in Capitol Breach cases. FPD is currently reviewing the various features of evidence.com and testing out the capabilities of the program with sample data. Within the next two weeks, FPD will be sending out information to defense counsel that includes a point-of-contact for discovery-related inquiries, the procedures to follow for obtaining a license to access evidence.com, and a quick start guide for defense counsel to use with evidence.com.

It has come to our attention that there are sensitivities that must be addressed prior to large scale disclosure of body-worn-camera footage. We are working diligently to resolve these issues and in the interim we have produced a sample of fifty body-worn-camera files to FPD's instance of evidence.com. This sample will allow our technological teams to discuss the necessary infrastructure and workflows that need to be implemented. Ultimately, we intend to produce the majority of body-worn-camera footage with the least restrictive applicable sensitivity designations, if any, in order to facilitate defendant review.

In the near future, we expect to provide tools that will assist your review of the voluminous video footage described above, to include:

1. Camera maps for USCP CCV;
2. Our work product, consisting of a spreadsheet and related zone maps, identifying body-worn-camera footage by agency, officer, video start time, a summary of events, and location of the camera in 15-minute increments; and
3. Global Positioning Satellite information for Metropolitan Police Department radios, which may be of some assistance in identifying officers whose body-worn-cameras were recording at a particular time and location.

I will forward additional discovery as it becomes available. If you have any questions or if you fail to receive two separate USAfx invitations in connection with this production, please feel free to contact me.

Sincerely,

*Hava Mirell*

HAVA ARIN LEVENSON MIRELL
Assistant United States Attorney